The Honorable Shane Broadway State Representative 201 S.W. Second Street Bryant, AR 72022-4025
Dear Representative Broadway:
This is in response to your request for an opinion on the following question:
 Is it legal for the spouse and son-in-law of the newly sworn-in mayor of the City of Bryant, who were employed by the City of Bryant prior to his election as mayor, to continue serving in those capacities?
It is my opinion that the answer to this question is, generally, "yes," assuming that there is no relevant local ordinance addressing the matter. Please note that I have enclosed a copy of Attorney General Opinion 95-097 that reaches a similar conclusion regarding the election of a mayor whose son was employed by the city fire department. This office has also previously concluded that the continuation of the appointment of a city attorney following the election of his wife as recorder would generally be lawful. Op. Att'y Gen. 96-328 at 13.
This conclusion is compelled primarily by the fact that state law pertaining to cities operating under the mayor/council form of government contains no anti-nepotism provision.[1] Arkansas Code Annotated §21-8-304(a) (Repl. 1996) does provide:
 No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
However, I agree with previous opinions of this office which have concluded that employment would not, as a general matter, constitute a "special privilege or exemption" for purpose of § 21-8-304(a). See,e.g., Op. Att'y Gen. 89-220.[2]
As indicated above, however, a city has the authority to adopt its own nepotism policy. Consequently, any applicable local ordinance should be reviewed.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure
[1] In cities with the city manager form of government, reference must be made to A.C.A. § 14-47-135 (Repl. 1998) which states:
 No person shall hold an appointive position or employment in the pay of the city if that person is related by blood or marriage in the third degree either to a member of the board of directors or to the city manager. Provided, however, this prohibition shall not prevent a person who holds an appointive or employment position with the city at the time the person's relative becomes city manager or a member of the board of directors from continuing in that position of employment.
Significantly, this provision would allow the continued service of an individual whose relative became city manager or a member of the board after the individual's appointment or employment with the city.
[2] A violation of this provision could possibly by premised upon a public official's hiring of a family member if, for instance, customary hiring procedures were not followed or if the person was not qualified.Id.